FILED
05/23/2022
*Karen Yarlott*
CLERK
Big Horn County District Court
STATE OF MONTANA
By: Michelle Massine
DV-2-2022-0000029-NE
Wald, Matthew
1.00

Joseph Cook
John Heenan
Merry Marr
HEENAN & COOK, PLLC
1631 Zimmerman Trail, Ste. 1
Billings, MT 59102
Phone: (406) 839-9091
Fax: (406) 839-9092
joe@lawmontana.com
john@lawmontana.com
merry@lawmontana.com

Attorneys for Plaintiffs

**MONTANA TWENTY SECOND JUDICIAL DISTRICT COURT,
BIG HORN COUNTY**

| | |
|---|---|
| GLEN RALPH BERTRAND and COLETTE RENEE BERTRAND,<br><br>            Plaintiffs,<br><br>vs.<br><br>SHANNON GARTNER d/b/a BEAR CREEK TRUCKING,<br><br>            Defendant. | Cause No.  DV-2-2022-0000029-NE<br><br>Judge  Matt J. Wald<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, Glen and Colette Bertrand, (hereinafter referred to as "Plaintiffs") by and through counsel, bring this personal injury lawsuit against Defendant, upon information and belief, and states as follows:

### PARTIES

1.Plaintiff Glen Ralph Bertrand ("Glen") is a resident and citizen of Gillette, Wyoming.

2.Plaintiff Colette Renee Bertrand ("Colette") is a resident and citizen of Gillette, Wyoming.

3. Glen and Colette are husband and wife.

4. Defendant Shannon Gartner d/b/a Bear Creek Trucking ("Bear Creek Trucking") is an individual operating a trucking business. Bear Creek Trucking is a resident and citizen of South Dakota that was operating in the State of Montana on December 14, 2021.

### JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction and personal jurisdiction over the parties and this dispute.

6. Big Horn County, Montana is the appropriate venue for this action as the event at issue occurred in this county.

### BACKGROUND

7. On December 14, 2021, Bear Creek Trucking was operating a semi-tractor and trailer unit in the eastbound driving lane on Interstate 90 between mile markers 508 and 509.

8. At the same time, in the eastbound passing lane on Interstate 90, Glen and Colette were passengers in an automobile driven by Larisa Bertrand ("Bertrand vehicle").

9. As the Bertrand vehicle was lawfully passing the Bear Creek Trucking unit, Bear Creek Trucking suddenly changed from the driving to the passing lane. Bear Creek Trucking did not yield to the Bertrand vehicle and forced the Bertrand vehicle to leave the roadway. The Bertrand vehicle avoided a direct collision with Bear Creek Trucking by leaving the passing lane and entering the median. Upon returning to the roadway from the median, the Bertrand vehicle rolled over.

10.     Defendant Bear Creek Trucking's lane change—performed without yielding, being safe to do so, and without a proper lookout—caused the Bertrand vehicle to leave the roadway and the rollover event.

11.      As a result of the rollover, Plaintiff Glen Bertrand was injured, including but not limited to suffering a severe, acute injury to his spine and acute respiratory failure.

12.     As a result of the rollover, Plaintiff Colette Bertrand was injured, including but not limited to suffering an acute injury to her spine.

13.     Plaintiffs have each suffered personal injuries, emotional distress, mental anguish, and financial damages as a result of the December 14, 2021, rollover event.

## COUNT I – Negligence

Plaintiffs incorporate herein all preceding paragraphs.

14.     Defendant Bear Creek Trucking owed a duty to use reasonable care in the operation of the semi-tractor trailer unit he was driving on December 14, 2021.

15.     Defendant Bear Creek Trucking breached that duty initiating and making an unreasonable and unsafe lane change and causing the Bertrand vehicle to leave the roadway and rollover.

16.     Defendant Bear Creek Trucking's acts/omissions constitute negligence, and his negligence caused the collision.

17.     As a result of Defendant Bear Creek Trucking's negligence, Plaintiffs have each suffered personal injuries, physical injuries, emotional distress and mental anguish, and financial damages.

18.     As a result of Defendant Bear Creek Trucking's negligence, Plaintiffs are entitled to all available damages provided by Montana law.

## COUNT I – Negligence *Per Se*

Plaintiffs incorporate herein all preceding paragraphs.

19  Defendant's actions violated at least one Montana statute designed to protect the public from harm. Specifically, Defendant violated Mont. Code Ann. § 61-8-328 by moving from his lane of travel before ascertaining that the movement could be made with safety.

20.  Plaintiffs are within the class which Mont. Code Ann. § 61-8-328 is designed to protect, and the harms to Plaintiffs are of the nature that Mont. Code Ann. § 61-8-328 is designed to prevent.

21.  Defendant's violation of Mont. Code Ann. § 61-8-328 constitutes negligence per se, and his violation of Mont. Code Ann. § 61-8-328 caused the collision and Plaintiffs' injuries.

22.  As a result of Defendant's negligence per se, Plaintiffs have suffered personal injuries, physical injuries, emotional distress and mental anguish, and financial damages.

23.  As a result of Defendant's violation of Mont. Code Ann. § 61-8-328, Plaintiffs are entitled to all available damages provided by Montana law.

WHEREFORE, Plaintiffs respectfully request judgments against Defendant for all general and special compensatory damages provided by Montana law, in an amount to be proven at trial; for costs, interest, pre-judgment interest as determined by the Court; for attorney's fees, interest and costs, and for any and all further legal or equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury in this matter.

Dated this 23 day of May, 2022.

                                                 */s/ Joseph Cook*
                                                 Joseph Cook
                                                 Attorney for Plaintiff